**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KENNETH E. DUNKLEE,

     Plaintiff,

v.                                                                                    No. 24-cv-640-JCH-GJF

MERCEDES MURPHY, *et al.*,

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

     This matter is before the Court on Plaintiff Kenneth E. Dunklee's Prisoner Civil Rights Complaint (CV Doc. 1) (Complaint).  Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*.  He alleges civil claims under 42 U.S.C. § 1983 on the grounds that his constitutional rights were violated during his state criminal trial and the issuance of two protective orders between himself and his minor daughter who was the victim in his criminal case.  Having reviewed the allegations and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff shall have thirty days within which to file an amended complaint.

### I.    BACKGROUND[1]

     This case stems from Plaintiff's state criminal convictions.  The state docket reflects that, in 2024, a jury convicted Plaintiff of sixteen counts of Criminal Sexual Penetration of a Minor, sixteen counts of Criminal Sexual Contact of a Minor, and twelve counts of incest.  *See* Verdict in

---

[1] The background facts are taken from the allegations in the Complaint (Doc. 1), and state criminal dockets referenced by Plaintiff,  Case Nos. D-725-CR-2021-00038 and A-1-CA-42153.  The state criminal docket is subject to judicial notice.  *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

Case No. D-725-CR-2021-00038.  On July 17, 2024, the state court sentenced Plaintiff to a total term of two hundred seventy-six (276) years imprisonment.  *See* Judgment in Case No. D-725-CR-2021-00038.

Plaintiff filed the instant action against nine Defendants: (1) Chief Judge Mercedes Murphy; (2) Judge Shannon Murdock; (3) Child Support Enforcement Division Hearing Officer Gorden Bennet; (4) the Socorro Police Department; (5) District Attorney Stacy A. Ward; (6) District Attorney Kathy Stout; (7) Public Defender Keith M. Valles; (8) the Child Support Enforcement Division; and (9) Magistrate Judge Felix William Saavedra.  (CV Doc. 1 at 2-5).  He brings his claims against all Defendants in their official capacities only, except for Murphy, Bennet, and Ward, who he sues in both their official and individual capacities.  (*Id.* at 3-5).  Plaintiff indicates he is bringing his claims under 42 U.S.C. § 1983, and asserts he was denied his right to a speedy trial, was improperly subject to double jeopardy, experienced prejudice and bias by state officials, and was wrongfully imprisoned.  (*Id.* at 5-7).

In the Prayer for Relief, Plaintiff asks the Court to overturn the protective orders, vacate his criminal conviction, reset his child support to a zero balance, and order monetary damages for wrongful imprisonment, lost wages, and mental anguish.  *Id.* at 3.

## II.    ANALYSIS

### A.  Standard of Review

As Plaintiff is proceeding *pro se* in this civil action against governmental entities and officials, the Complaint must be screened under 28 U.S.C. § 1915A.  The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(b)(1).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Among other

things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of pro se pleadings). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

### B. Pleading Standards Governing a § 1983 Claim

42 U.S.C. § 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, distinguished from collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.

3

2008).

### C. The Complaint Does Not State a Viable § 1983 Claim Against any Defendant

#### 1. Defendant Child Support Enforcement Division

Plaintiff's claims against Defendant Child Support Enforcement Division ("CSED") relate to his dissatisfaction with how the state agency allegedly failed to collect child support payments from his ex-wife when he had custody of his children prior to his incarceration. (CV Doc. 1 at 8-9). He also appears to dispute the current child support balance he owes, alleging the agency was "sexist" in "dealing with both of [his] child support cases." (*Id.* at 9).

This claim brought under § 1983 is subject to dismissal because the CSED is not a "person" within the meaning of the statute and is, therefore, immune from suits for damages. *See Hull v. State of N.M. Taxation and Rev. Dept. Motor Vehicle Div.*, 179 Fed. Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, . . . are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits"); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (the State is not a "person" within 42 U.S.C. § 1983's meaning and, therefore, there is no remedy against the State under § 1983). *See also Chavez v. New Mexico Hum. Servs. Dep't*, No. CV 02-1080 MCA/DJS, 2002 WL 35649645, at *2 (D.N.M. Oct. 30, 2002) (dismissing *pro se* plaintiff's claim against the CSED because a State entity is not a "person" within the meaning of § 1983) (citing *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 122 S. Ct. 1640, 1643 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Additionally, the Eleventh Amendment prohibits suit in federal court against a state, a state department or agency, or a state official acting in an official capacity unless (1) the state has consented to suit, or (2) Congress has abrogated the state's Eleventh Amendment immunity. *See*

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  The State of New Mexico,

including the CSED, and their officials and employees acting in their official capacity are entitled

to Eleventh Amendment immunity unless one of these two exceptions applies.  *See Bishop v.*

*Doe*, 902 F.2d 809 (10th Cir. 1990).  Neither exception applies here.  Accordingly, the CSED

must be dismissed.

To the extent Plaintiff is asking this Court to reset his child support to a zero balance, this

Court may not intervene or interfere in state-court proceedings or reverse state-court judgments

under the *Rooker-Feldman* and *Younger*-abstention doctrines.

> "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising
> jurisdiction over cases brought by state-court losers challenging state-court
> judgments rendered before the district court proceedings commenced." *Lance v.*
> *Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006)
> (quotations omitted) (per curiam); *see District of Columbia Court of Appeals v.*
> *Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v.*
> *Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923).
> *Younger* abstention applies even if the state proceedings are on-going when the
> federal action is filed so long as the state action implicates important state interests
> with which a federal judgment would interfere.  *See D.L. v. Unified Sch. Dist. No.*
> *497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (citing *Younger v. Harris*, 401 U.S.
> 37, 54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)).

*DCR Fund I, LLC v. TS Family Ltd. P'ship*, 261 Fed. Appx. 139, 146 n.5, 2008 WL 196298, * *6

n.5 (10th Cir. Jan. 24, 2008).  Assumedly, the state-court judgments related to Plaintiff and his or

his ex-wife's child support payments have long been final.  This Court cannot intervene to

recalculate his payments, and any attempt for Plaintiff to request such relief is frivolous.

### 2.  Defendant Socorro Police Department

Plaintiff describes an incident that occurred on or around April 28, 2020 in which he was

arrested and transported to the Socorro General Hospital for a psychiatric evaluation after his ex-

wife reported him to be suicidal.  (CV Doc. 1 at 9).  He claims that a non-defendant officer

"stripped [him] of all clothing" and was denied access to his cell phone while he was waiting to be taken to a mental health facility in Las Cruces, New Mexico. (*Id.* at 9-10). He appears to argue that he should not have been taken into custody because the statements made to the police about his mental state from different individuals were unreliable. (*Id.*) He also indicates that at some point during his detention, his laptop was confiscated without a warrant, and his phone calls were recorded, but the details of those allegations are unclear from his statement of claim.

Similar to Defendant CSED, the Socorro Police Department must be dismissed because a municipal police department is not a proper defendant ("person") and, therefore, not a suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. Appx. 904, 907 (10th Cir. 2010). The Tenth Circuit has repeatedly held that police departments are not separate entities from the cities that control them. *See, e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department and the City of Denver were not separate entities in a 42 U.S.C. § 1983 suit); *Henry v. Albuquerque Police Dep't*, 49 Fed. App'x 272, 274 n.1 (10th Cir. 2002) (holding that a district court properly concluded that the Albuquerque Police Department "lacks a legal identity" distinct from the City of Albuquerque); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (Table), 1992 WL 51481, at *2 (10th Cir. 1992) (unpublished) ("Defendants correctly state that police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality."). Courts in this District have similarly made clear that police departments are not distinct entities subject to suit in § 1983 litigation. *See Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (collecting cases). Accordingly, Defendant Socorro Police Department must be dismissed.

### 3.  Official Capacity Claims against All Defendants

Plaintiff names all Defendants in their official capacities.  Chief Judge Mercedes Murphy and Judge Shannon Murdock are District Judges for the New Mexico Seventh Judicial District Court; Gorden Bennet is a hearing officer with CSED, a state agency; District Attorneys Stacy Ward and Kathy Stout are prosecutors for the State of New Mexico; and Magistrate Judge Felix William Saavedra is a Judge for the Socorro County Magistrate Court.  (CV Doc. 1 at 2-5). Claims against state officials in their official capacities are simply "another way of pleading an action against [the] entity of which [they are] agent[s]."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, the official capacity claims against the Defendants here are actually against the State of New Mexico.  *See Ashcroft*, 556 U.S. at 676; *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 689 (1978); *Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

As previously discussed,  § 1983 does not abrogate the State's Eleventh Amendment sovereign immunity, and neither the State, its agencies, or its employees in their official capacities qualify as "persons" under § 1983.  *See Will*, 491 U.S. at 67, 71; *Hull v. State of N.M. Taxation and Rev. Dept. Motor Vehicle Div.*, 179 Fed. Appx. at 446.  Consequently, Plaintiff's § 1983 claims against these state employees in their official capacities fail to state a claim and must be dismissed.

As to Defendant Public Defender Keith Valles, an official capacity claim against him cannot stand for a different reason.  The United States Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454 U.S. 312, 315, 325 (1981).  Section 1983 requires the person to be

acting under color of state law:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia*, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983 (emphasis added).

Plaintiff alleges Defendant Valles was ineffective in his representation of him because he was a district attorney for many years prior to being a public defendant and would, therefore, be inherently biased against criminal defendants accused of rape. (CV Doc. 1 at 11). He argues Defendant Valles did not sufficiently question and impeach the victim during the trial. (*Id.* at 11-12). These claims against Defendant Valles are clearly based on allegations regarding the traditional functions of counsel in a criminal case. Consequently, Defendant Valles cannot be sued under § 1983 because he did not act under color of state law and must be dismissed from this action in his official capacity. *See Dodson*, 454 U.S. at 315.

### 4. Individual Capacity Claims against Defendants District Attorney Ward and Chief Judge Murphy

Plaintiff sues District Attorney Stacy Ward and Chief Judge Murphy in their individual capacities. (CV Doc. 1 at 3-4). He complains Defendant Ward should have impeached his minor daughter as a witness, but fails to identify any specific constitutional violations related to her conduct as a prosecutor. (*Id.* at 11-12). Plaintiff alleges Chief Judge Murphy "disregarded the law" and showed bias by signing two restraining orders between himself and the victim. (*Id.* at 8). It is unclear from the statement of claim how Chief Judge Murphy committed a constitutional violation and what specific laws she disregarded.

These two Defendants are immune from the instant suit. District attorneys are entitled to

8

absolute immunity in § 1983 actions for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). "[I]nitiating and pursuing a criminal prosecution" fall within the scope of prosecutorial duties, regardless of any speedy trial violations. *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quotations omitted). *See also Hinton*, 362 Fed. App'x at 907 ("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."); *Blair v. Osborne*, 777 F. App'x 926, 929 (10th Cir. 2019) (citing *Lewis v. Clarke*, 581 U.S. 155 (2017)) ("Prosecutorial immunity bars claims for damages against a prosecutor sued in her individual capacity."). Plaintiff does not allege that the actions of Defendant Ward stepped outside of what would be considered the judicial process as the choice to impeach a witness is clearly an activity that falls within the scope of prosecutorial duties.

Judges are similarly immune from civil rights suits based on actions taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell*, 920 F.2d at 686. Here, there appears to be no question that Chief Judge Murphy had proper jurisdiction over Plaintiff's state criminal proceedings, including the issuance of protective orders between the accused and the victim. Therefore, the individual capacity claims against Defendants Ward and Chief Judge Murphy are therefore barred and must be dismissed.

To the extent Plaintiff is seeking release from custody and discharge from his conviction and sentence based on ineffective assistance of counsel or a constitutional violation during his criminal proceedings, no such relief is available in this civil rights action. "[W]here an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence[,] . . . [s]uch claims fall within the "core" of habeas corpus and are thus not cognizable when brought

9

pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973)). "[A] prisoner who challenges the fact or duration of his confinement . . . must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining a prisoner cannot use a § 1983 action to challenge the fact or duration his confinement, and such challenges must be raised in a separate action seeking habeas relief); *Gee v. Murphy*, 325 Fed. App'x 666, 669 (10th Cir. 2009) (distinguishing a habeas action from a civil rights action). If Plaintiff wishes to pursue his claims for release from custody and discharge from his conviction and sentence, he must bring a habeas corpus proceeding after exhausting available state court remedies.

### 5.   Individual Capacity Claim against Defendant Gordon Bennet

Plaintiff also brings this action against Defendant Gordon Bennet in his individual capacity. (CV Doc. 1 at 5). He alleges Defendant Bennet, acting as the child support hearing officer, was biased against him and disregarded the law when handling or processing two restraining orders. (*Id.* at 8). However, it is unclear from the complaint what Plaintiff is alleging Defendant Bennet did or failed to do that violated his civil rights.

As presently alleged, Defendant Bennet is also immune from the instant § 1983 action in his individual capacity. "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008) (quotation omitted). "Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Id.* (quoting

10

*Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)).  It appears from Plaintiff's

Complaint that Defendant Bennet was acting a hearing officer and is entitled to the benefit of

judicial immunity.  Thus, Plaintiff's § 1983 claim against Defendant Bennet in his individual

capacity fails to state a claim and must be dismissed.

### D.  Plaintiff May File an Amended Complaint

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in

their pleadings.  *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).  The opportunity

to amend should be granted unless the amendment would be futile.  *Hall*, 935 F.2d at 1109.

Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended

complaint.  If Plaintiff declines to timely amend, the Court may dismiss this case with prejudice.

**IT IS ORDERED** that Plaintiff's Prisoner's Civil Rights Complaint (CV Doc. 1) is

**DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended

complaint within thirty days of the entry of this Memorandum Opinion and Order.  Failure to

timely amend may result in dismissal of this action without further notice.

.

_____
SENIOR UNITED STATES DISTRICT JUDGE

11