**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KENNETH E. DUNKLEE,

Plaintiff,

v. No. 24-cv-640-JCH-GJF

MERCEDES MURPHY, *et al.*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Kenneth E. Dunklee's failure to amend his prisoner civil rights claims as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint alleges civil claims under 42 U.S.C. § 1983 on the grounds that his constitutional rights were violated during his state criminal trial and in the issuance of two protective orders between himself and his minor daughter who was the victim in his criminal case. (Doc. 1). He specifically asserts he was denied his right to a speedy trial, was improperly subject to double jeopardy, experienced prejudice and bias by state officials, and was wrongfully imprisoned. *Id.* at 5-7. Plaintiff filed his original Complaint against nine Defendants: (1) Chief Judge Mercedes Murphy; (2) Judge Shannon Murdock; (3) Child Support Enforcement Division Hearing Officer Gorden Bennet; (4) the Socorro Police Department; (5) District Attorney Stacy A. Ward; (6) District Attorney Kathy Stout; (7) Public Defender Keith M. Valles; (8) the Child Support Enforcement Division; and (9) Magistrate Judge Felix William Saavedra. *See id.* at 2-5. Plaintiff asks the Court to overturn the two state-issued protective orders, vacate his criminal conviction, reset his child support to a zero balance, and order monetary damages for wrongful imprisonment, lost wages, and mental anguish. *Id.* at 3.

By a ruling entered May 14, 2026, the Court conducted an initial review and determined the original Complaint fails to state a cognizable federal claim against any Defendant. *See* Doc. 10 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of prisoner claims). The Screening Ruling made the following determinations: (1) Defendants Child Support Enforcement Division and Socorro Police Department are not suable entities in a § 1983 civil rights action; (2) official capacity claims against all state official Defendants are subject to Eleventh Amendment sovereign immunity; (3) official capacity claims against his public defender fail because he did not act under color of state law in his role as defense counsel; and (4) individual capacity claims against the Defendant Judges, Hearing Officers, and District Attorneys fail because they are subject to immunity from this suit as their alleged conduct was within the scope of their prosecutorial or judicial duties. *Id.* at 4-11. The Screening Ruling also explained that this federal court is not permitted to reverse a state court judgment regarding a protection order or to recalculate child support payments, and any request for release from custody and discharge from a conviction and sentence is only appropriate in a habeas action. *Id.* at 5, 9-10. The Screening Ruling therefore dismissed all federal claims under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* invited Plaintiff to amend his federal claims within thirty (30) days of entry of the Screening Ruling. The Screening Ruling warns that if Plaintiff fails to timely amend, the Court may dismiss this entire case without further notice. The deadline to file an amended complaint expired no later than June 15, 2026. Plaintiff did not comply. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. Courts may dismiss federal claims with prejudice where the prior complaint does not state a cognizable claim, and the plaintiff fails to cure the

pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").

**IT IS ORDERED** that this case, including each claim in Plaintiff Kenneth E. Dunklee's original Prisoner Civil Complaint (**Doc. 1**), is **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

SENIOR UNITED STATES DISTRICT JUDGE